IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01354-BNB

ABEL SAENZ-JURADO,

    Applicant,

v.

THE PEOPLE OF STATE OF COLORADO,
DOUGLAS N. DARR, Adams County Sheriff Department,
CHARLES SCOTT CRABTREE, District Judge, and
JOHN W. SUTHERS, The General Attorney of the State of Colorado,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP    2008

GREGORY C. LANGHAM
              CLERK

## ORDER OF DISMISSAL

I. Background

Applicant Abel Saenz-Jurado is in the custody of the United States Bureau of Prisons (BOP) and currently is incarcerated at the Federal Correctional Complex in Oakdale, Louisiana. Mr. Saenz-Jurado initiated this action on June 10, 2008, by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. Magistrate Judge Boyd N. Boland reviewed the Application and entered an order on July 14, 2008, directing Respondents to file a Pre-Answer Response (Pre-Answer) limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On July 30, 2008, Respondents filed a Pre-Answer, and on September 5, 2008, Mr. Saenz-Jurado filed a Reply to the Pre-Answer.

In his Application, Mr. Saenz-Jurado asserts that he pled guilty to unlawful distribution of a controlled substance on December 6, 1994, in the Adams County District Court of Colorado. (Mem. Supporting Application at 1.) He further asserts that on December 31, 1994, he was sentenced to ninety days of confinement in the Adams County Jail and to four years of probation, but he did not appeal the conviction. (Mem. Supporting Application at 2.) He also asserts that on May 29, 1997, his probation was revoked, and he was sentenced to four years of community corrections in the Colorado Department of Corrections, which was revoked on September 13, 1999. (Mem. Supporting Application at 2.) Mr. Saenz-Jurado further states that on September 14, 1996, he was arrested by federal agents on September 14, 1999, was sentenced in the federal court to a term of 159 months on August 16, 2000, and was transferred to a federal prison facility in Texas to serve his sentence. (Mem. Supporting Application at 2.) Finally, Applicant asserts that on October 24, 2000, the Adams County Sheriff's Office filed a detainer against him with the BOP. (Mem. Supporting Application at 2.)

In the Pre-Answer, Respondents assert that on August 16, 1994, Mr. Saenz-Jurado was granted a four-year probationary term, but the special conditions of the probation were not imposed until December 6, 1994. (Pre-Answer at 1.) Respondents concur with the remainder of the dates Applicant sets forth regarding the revocation of his parole and the detainer placed against him by the Adams County Sheriff's Office.

Although both Applicant and Respondents provide additional evidence regarding the various postconviction motions Applicant has filed in state court, the Court finds no need to discuss these filings for the reasons stated below.

2

II. Analysis

The Court must construe liberally Mr. Saenz-Jurado's Application and Reply because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

### A. 28 U.S.C. § 2244(d) Time-Bar

Under 28 U.S.C. § 2244(d), the statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents argue that Mr. Saenz-Jurado's Application is untimely. (Pre-Answer at 5.) They contend that he did not file a direct appeal so his conviction became final on September 30, 1994, the day on which the forty-five day time period expired for filing a direct appeal. (Pre-Answer at 6.) Respondents contend that the statute of limitations, for purposes of 28 U.S.C. § 2244(d), began to run on September 30, 1994, and Mr. Saenz-Jurado should have filed this habeas Application by September 30, 1995. (Pre-Answer at 6.) Respondents conclude that the time Mr. Saenz-Jurado spent pursuing his postconviction relief is not tolled for the purposes of 28 U.S.C. § 2244(d) because he did not file his first postconviction motion until November 2002, over seven years after his conviction was final.

Mr. Saenz-Jurado does not allege in either the Application or his Reply that there are any constitutional rights newly recognized by the Supreme Court that apply to his case. Applicant does not assert that the factual predicate of the claim or claims presented could not have been discovered through the exercise of due diligence. He also does not assert that there were impediments to filing an application which were created by state action.

Applicant and Respondents disagree on the date that Mr. Saenz-Jurado was sentenced and the date his conviction became final. Applicant asserts that he pled guilty on December 6, 1994, and that he was sentenced on December 31, 1994.

4

Respondents, on Page One of the Pre-Answer, assert that the specific conditions of Mr. Saenz-Jurado's probation were imposed on December 6, 1994. On Page Five, however, Respondents assert that Applicant's probation was granted on August 16, 1994, and his conviction was final forty-five days later on September 30, 1994. Upon review of Exhibit A to the Pre-Answer, at Page Three, the Court finds that the state trial court refers to Applicant's plea date as August 16, 1994, and the disposition date of all charges as December 6, 1994. Therefore, the Court finds that Mr. Saenz-Jurado was not sentenced on either August 16, 1994, or December 31, 1994, as Applicant and Respondents respectively assert, but on December 6, 1994.

Because Applicant did not file an appeal his sentence was final on January 20, 1995, forty-five days after his December 6, 1994, sentencing. *See* Colo. App. R. 4(b). Mr. Saenz-Jurado, therefore, should have filed this action by January 20, 1996.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently. *See Miller*, 141 F.3d at 978. The inmate must allege with specificity the steps he took to diligently

5

pursue his federal claims. *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008). Finally, Mr. Saenz-Jurado bears the burden of demonstrating that equitable tolling is appropriate in this action. *See Miller*, 141 F.3d at 978.

In his Reply, Mr. Saenz-Jurado claims that the time should be equitably tolled because he was housed at different prison facilities, where Colorado and federal legal materials were not available. He further asserts that he was unable to file a § 2254 habeas corpus action within the one-year time limitation because he was incompetent, unskilled, and uneducated. (Reply at 8.) He further asserts that he was unable at that time to understand both the Spanish and English languages. (Reply at 8.) Applicant also asserts that evidence exists showing he received psychological treatment in the State of Colorado, and his attorney was ineffective in not raising Applicant's mental disability to the state court. (Reply at 9.)

Respondents argue that Mr. Saenz-Jurado's excuses are insufficient to establish tolling under 28 U.S.C. § 2244(d). (Pre-Answer at 7.) They assert that he provides no particulars that would establish state action and the causal relationship generally required for either statutory or equitable tolling. (Pre-Answer at 7.) Relying on *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), Respondents assert that attorney negligence is not a basis for equitable tolling especially when an applicant is unable to establish his own diligence in meeting a federal habeas deadline. (Pre-Answer at 7.) Finally, Respondents assert that ignorance, even for *pro se* applicants, does not excuse prompt filing. (Pre-Answer at 7.)

To the extent Applicant is asserting equitable tolling based on an alleged inability to file a postconviction motion in state court, due to his placement at facilities that did not have Colorado and federal legal materials, and, therefore, a resulting time bar under § 2244(d), his claim lacks merit. Mr. Saenz-Jurado was housed in community corrections in Colorado from March 5, 1997, until September 13, 1999, when he was arrested by the Boulder County drug task force agents. (Reply at 2-3.) He does not assert that he was unable to access legal materials while he was housed in community corrections in Colorado. He also does not assert that during this time he was under psychological care that would affect his ability to obtain access to the necessary legal materials. Mr. Saenz-Jurado also fails to assert why he waited until he was incarcerated at a federal prison facility to increase his understanding of the English language and to finally seek assistance from a jail-house lawyer in challenging his conviction in the instant action.

Nonetheless, the Tenth Circuit has found that it is well established that "ignorance of the law, even for an incarcerated pro se [applicant], generally does not excuse prompt filing." *Marsh*, 223 F.3d at 1220 (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)). Furthermore, a lack of proficiency in the English language alone does not state an extraordinary circumstance that would justify equitable tolling. *See Yang*, 525 F.3d at 929.

To establish extraordinary circumstances under the equitable tolling doctrine Mr. Saenz-Jurado must show either institutionalization or an adjudication of mental incompetency. *Biester v. Midwest Health Services, Inc.*, 77 F.3d 1264, 1268 (10th

7

Cir. 1996). Mr. Saenz-Jurado concedes he was not institutionalized or adjudicated mentally incompetent. His only claim is that his trial attorney should have raised the issue of his mental competency at trial in 1994. The time in question is over three years after his trial when he was placed in community corrections in Colorado.

Mr. Saenz-Jurado fails to assert a basis for equitable tolling with respect to his ignorance of the law, his lack of proficiency in both the English and Spanish languages, and his alleged mental incompetency. Mr. Saenz-Jurado's alleged need for assistance in understanding the legal process is common for the majority of *pro se* prisoners whether or not they are deficient in the English language. *Yang*, 525 F.3d at 930. The Court finds the instant action is barred by the one-year limitation period.

Mr. Saenz-Jurado also asserts in his Reply that the one-year time limitation does not apply to him because his judgment became final prior to April 24 1996, the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA). Mr. Saenz-Jurado is incorrect. The AEDPA applies to individuals whose sentences became final prior to April 24, 1996. *See U.S. v. Simmonds*, 111 F.3d 737, 745-46 (10th Cir. 1997).

### B. State-Court Exhaustion

Because the action clearly is time-barred, the Court will refrain from addressing whether Mr. Saenz-Jurado has exhausted his state court remedies.

### III. Conclusion

Based on the above findings, the Court will deny the Application and dismiss the action as barred from federal habeas review. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 26 day of Sept., 2008.

BY THE COURT:

*[signature]*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CERTIFICATE OF MAILING

Civil Action No. 08-cv-01354-BNB

Abel Saenz-Jurado
Reg. No. 29129-013
FCI - Oakdale
PO Box 5050 - SMU-215
Oakdale, LA 71463

Jonathan P. Fero
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/29/08

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk